UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20147-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

YOHANNY ESQUEVEL,

        Defendant.
_____/

## STIPULATED FACTUAL PROFFER

Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

On about February 27, 2021, while on patrol in the Eastern Pacific Ocean, a maritime patrol aircraft (MPA) detected a go-fast vessel (GFV) approximately 111 nautical miles south, southeast of the Costa Rican/Panama border in international waters. The MPA observed three individuals on board along with multiple packages and fuel barrels on deck. The GFV did not display a flag or any other indicia of nationality. United States Coast Guard (USCG) Cutter *BEAR*, which was in the area, diverted to intercept. USCG sought and secured a Statement of No Objection authorizing them to conduct a Right of Visit boarding, including the use of force up to and including warning and/or disabling fire. *BEAR* launched a helicopter and its over-the-horizon (OTH) vessel in order to investigate.

When the USCG boarding team arrived on scene, they located three individuals on board the vessel who were later identified as **YOHANNY ESQUEVEL, LEODAN HERRERA** and **ALEXANDER ZARATE DIAZ.** None of the three individuals on board identified himself as the master or person in charge. Likewise, none of the three made a claim on nationality for the vessel. The USCG boarding team did not observe any physical flag flown, registration number on the hull or homeport and no name or any other markings. Based on the failure to make a claim of nationality for the vessel by any of the three individuals on board, the GFV was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

The USCG boarding team recovered at least 150 kilograms but less than 450 kilograms of suspected cocaine from the vessel, which later field tested positive for cocaine. All three individuals, along with the kilograms of cocaine, were transferred to the USCG Cutter *BEAR*.

[THIS AREA INTENTIONALLY LEFT BLANK.]

The parties further agree that there is enough of a factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code, Section 70502(c), is a vessel subject to the jurisdiction of the United States.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: Sept 3, 2021   By: _____
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY

Date: 9/3/21   By: _____
YOHANNY ESQUEVEL
DEFENDANT

Date: 9/3/21   By: _____
ADEBUNMI LOMAX
ATTORNEY FOR DEFENDANT